IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DUANE ROLLINS, | : |
| Petitioner, | : |
| v. | : Civ. Act. No. 19-1255-LPS |
| ROBERT MAY, Warden, and ATTORNEY GENERAL OF THE STATE OF DELAWARE, | : |
| Respondents. | : |

**MEMORANDUM OPINION**

Duane Rollins. *Pro Se* Petitioner.

Kathryn Joy Garrison, Deputy Attorney General of the Delaware Department of Justice, Wilmington, Delaware. Attorney for Respondents.

August 30, 2021
Wilmington, Delaware

STARK, U.S. District Judge:

## I. INTRODUCTION

Pending before the Court is an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 ("Petition") filed by Petitioner Duane Rollins ("Petitioner"). (D.I. 2) The State has filed Motion to Dismiss, to which Petitioner has filed a Reply. (D.I. 17; D.I. 19) For the reasons discussed, the Court will grant the Motion to Dismiss and dismiss the Petition as time-barred under the limitations period prescribed in 28 U.S.C. § 2244.

## II. BACKGROUND

As set forth by the Delaware Supreme Court in Petitioner's direct appeal, the facts leading to Petitioner's arrest and conviction are as follows:

> In February 2013, [Petitioner], was indicted for two counts of Strangulation and one count each of Assault in the Second Degree, Offensive Touching, Terroristic Threatening, Assault in the Third Degree, and Endangering the Welfare of a Child. These charges arose from [Petitioner's] assault on his pregnant girlfriend and her son. On September 4, 2013, Petitioner pled guilty to two counts of Strangulation and the State entered a *nolle prosequi* on the remaining charges. As part of the plea agreement, the State indicated that it would seek to declare [Petitioner] a habitual offender under 11 *Del. C.* § 4214(a) on the second count of Strangulation, but would waive proceeding against [Petitioner] as a habitual offender on the first count of Strangulation, the State agreed to cap its Level V recommendation on the second count of Strangulation to fifteen years, and [Petitioner] agreed that he was eligible for habitual offender sentencing. During the guilty plea colloquy, [Petitioner] told the Superior Court that he signed the Truth–In–Sentencing Guilty Plea form after reviewing it with his trial counsel, he freely and voluntarily decided to plead guilty, he understood that he would not have a trial and was waiving certain constitutional rights, he committed both counts of Strangulation, and he understood that he faced a sentence of five years to life imprisonment.
>
> On November 15, 2013, after he was a declared a habitual offender as to the second count of Strangulation, [Petitioner] was sentenced to fifteen years of Level V incarceration for the second count of Strangulation and five years of Level V incarceration, suspended for decreasing levels of supervision, for the first count of Strangulation. On appeal, [Petitioner] argued that the sentencing judge, as well as the prosecutor and his trial counsel, mistakenly believed that Strangulation

> was statutorily categorized as a violent offense under 11 *Del. C.* § 4201(c) and required at least a minimum mandatory sentence of five years of Level V incarceration under Section 4214(a). The State agreed and filed a motion to remand for resentencing. [The Delaware Supreme] Court vacated the Superior Court's judgment and remanded for resentencing.
>
> On June 10, 2014, [Petitioner] filed a motion to withdraw his guilty plea. In the motion, [Petitioner] argued that his guilty plea was not knowing, intelligent, and voluntary because his trial counsel mistakenly believed that Strangulation was a violent felony and incorrectly informed [Petitioner] that he faced a minimum mandatory sentence of five years for Strangulation. [Petitioner] claimed that he considered this minimum mandatory time in deciding to plead guilty. The State opposed the motion and argued that [Petitioner] did not meet his burden of showing that there was fair and just reason to permit the withdrawal of his guilty plea under Superior Court Criminal Rule 32(d).
>
> On July 31, 2014 [Petitioner] filed a *pro se* motion to dismiss his trial counsel and for appointment of new counsel. [Petitioner] argued that his trial counsel provided ineffective assistance by misinforming him that he faced a five year minimum mandatory sentence and by showing letters he exchanged with the victim to the State and reading portions of those letters aloud at the November 15, 2013 sentencing hearing. On August 7, 2014, [Petitioner's] trial counsel filed a motion to withdraw on the grounds that [Petitioner] had filed a complaint with the Office of Disciplinary Counsel regarding the minimum mandatory sentence mistake and the letters. The Superior Court denied all of the motions in a letter opinion dated August 22, 2014. [Petitioner] filed a *pro se* notice of appeal, which was dismissed as interlocutory.
>
> On January 16, 2015, [Petitioner] was declared a habitual offender and resentenced to ten years of Level V incarceration for the second count of Strangulation and five years of Level V incarceration, suspended after two years for decreasing levels of supervision, for the first count of Strangulation. As a result of the remand and re-sentencing, [Petitioner's] non-suspended Level V time decreased from fifteen years to twelve years.

*Rollins v. State*, 123 A.3d 471 (Table), 2015 WL 5032041, at *1 (Del. 2015). On August 25, 2015, the Delaware Supreme Court affirmed Petitioner's convictions and resentence. *See id.* at *4.

On August 25, 2016, Petitioner filed a motion for postconviction relief pursuant to Delaware Superior Court Criminal Rule 61 ("Rule 61 motion"). (D.I. 19 at 3) The Superior Court denied the

2

Rule 61 motion on March 14, 2018. *See State v. Rollins,* 2018 WL 1363808 (Del. Super. Ct. Mar. 14, 2018). Petitioner appealed, and the Delaware Supreme Court affirmed that judgment on October 16, 2018. *See Rollins v. State,* 196 A.3d 412 (Table), 2018 WL 5044333 (Del. Oct. 16, 2018).

Petitioner filed the instant § 2254 Petition in July 2019, which appears to assert the following two grounds for relief: (1) defense counsel provided ineffective assistance by failing to request a competency hearing before Petitioner entered a guilty plea; and (2) the Superior Court violated Petitioner's constitutional rights by failing to hold a competency hearing *sua sponte*. (D.I. 2 at 5; D.I. 3)

### III. ONE YEAR STATUTE OF LIMITATIONS

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") prescribes a one-year period of limitations for the filing of habeas petitions by state prisoners, which begins to run from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). AEDPA's limitations period is subject to statutory and equitable tolling. *See Holland v. Florida,* 560 U.S. 631, 645 (2010) (equitable tolling); 28 U.S.C. § 2244(d)(2) (statutory tolling).

3

Petitioner's § 2254 Petition, filed in 2019, is subject to the one-year limitations period contained in § 2244(d)(1). *See Lindh v. Murphy*, 521 U.S. 320, 336 (1997). Petitioner does not allege, and the Court cannot discern, any facts triggering the application of § 2244(d)(1)(B), (C), or (D). Given these circumstances, the one-year period of limitations began to run when Petitioner's conviction became final under § 2244(d)(1)(A).

Pursuant to § 2244(d)(1)(A), if a state prisoner appeals a state court judgment but does not seek certiorari review, the judgment of conviction becomes final ninety days after the state appellate court's decision. *See Kapral v. United States*, 166 F.3d 565, 575, 578 (3d Cir. 1999); *Jones v. Morton*, 195 F.3d 153, 158 (3d Cir. 1999). The Delaware Supreme Court affirmed Petitioner's convictions and resentencing on August 25, 2015, and he did not file a petition for writ of certiorari. As a result, Petitioner's judgment of conviction became final ninety-days after the Delaware Supreme Court's decision, on November 23, 2015. Applying the one-year limitations period to that date, Petitioner had until November 23, 2016[1] to timely file his Petition. *See Wilson v. Beard*, 426 F.3d 653 (3d Cir. 2005) (holding that Federal Rule of Civil Procedure 6(a) and (e) applies to federal habeas petitions); *Phlipot v. Johnson*, 2015 WL 1906127, at *3 n. 3 (D. Del. Apr. 27, 2015) (AEDPA's one-year limitations period is calculated according to anniversary method, *i.e.*, limitations period expires on the anniversary of triggering event).

---

[1] The Court notes that 2016 was a leap year, consisting of 366 days. However, "[e]very federal circuit that has addressed the issue has concluded that [the] method in [in Fed. R. Civ. P. 6], *i.e.*, the 'anniversary' method, for calculating a time period [applicable to] AEDPA's one-year limitation period." *Nunez v. California*, 2014 WL 809206, at *3 n.9 (N.D. Ohio Feb. 25, 2014) (collecting cases). "Under the 'anniversary' method, the first day of the one-year limitations period is the day after the triggering event, thus giving petitioners 'until the close of business on the anniversary date of . . .' the triggering event to file a federal habeas petition." *Id.* (internal citation omitted). Using the anniversary method in this case (and, essentially, ignoring the leap day), results in November 23, 2016 being the last day of AEDPA's limitations period.

4

Petitioner filed the instant Petition on July 2, 2019,[2] approximately two and one-half years after the expiration of the limitations period. Thus, his Petition is untimely, unless the limitations period can be statutorily or equitably tolled. *See Jones,* 195 F.3d at 158.

### A. Statutory Tolling

Pursuant to § 2244(d)(2), a properly filed state post-conviction motion tolls AEDPA's limitations period during the time the action is pending in the state courts, including any post-conviction appeals, provided that the motion was filed and pending before the expiration of AEDPA's limitations period. *See Swartz v. Meyers,* 204 F.3d 417, 420-24 (3d Cir. 2000); *Price v. Taylor,* 2002 WL 31107363, at *2 (D. Del. Sept. 23, 2002). The limitations period, however, is not tolled during the ninety days a petitioner has to file a petition for a writ of certiorari in the United States Supreme Court regarding a judgment denying a state post-conviction motion. *See Stokes v. Dist. Attorney of Philadelphia,* 247 F.3d 539, 542 (3d Cir. 2001). In addition, a post-conviction motion that is untimely under state law is not properly filed for § 2244(d)(2) purposes and, therefore, has no statutory tolling effect. *See Pace v. DiGuglielmo,* 544 U.S. 408, 414 (2005).

Here, 275 days of AEDPA's limitations period lapsed before Petitioner filed his first Rule 61 motion on August 25, 2016. The Superior Court denied the motion, and the Delaware Supreme Court affirmed that decision on October 16, 2018. Consequently, Petitioner's Rule 61 motion tolled the limitations period from August 25, 2016 through October 16, 2018.

---

[2]Pursuant to the prisoner mailbox rule, the Court adopts July 2, 2019 as the filing date because that is the date on Petitioner's certificate of mailing. *See Longenette v. Krusing,* 322 F.3d 758, 761 (3d Cir. 2003) (date on which prisoner transmitted documents to prison authorities for mailing is considered actual filing date).

5

The limitations clock started to run again on October 17, 2018 and ran the remaining ninety days without interruption until the limitations period expired on January 15, 2019. Thus, even with the applicable statutory tolling, the Petition is time-barred, unless equitable tolling is applicable.

**B. Equitable Tolling**

AEDPA's limitations period may be tolled for equitable reasons in appropriate cases. *See Holland*, 560 U.S. at 645. A petitioner can only qualify for equitable tolling by demonstrating "(1) that he has been pursuing his rights diligently, and (2) some extraordinary circumstance stood in his way and prevented timely filing;"[3] mere excusable neglect is insufficient. *See Schlueter v. Varner*, 384 F.3d 69, 77 (3d Cir. 2004). Consistent with these principles, the Third Circuit has specifically limited the equitable tolling of AEDPA's limitations period to the following circumstances:

> (1) where the defendant (or the court) actively misled the plaintiff;
>
> (2) where the plaintiff was in some extraordinary way prevented from asserting his rights; or
>
> (3) where the plaintiff timely asserted his rights mistakenly in the wrong forum.

*Jones*, 195 F.3d at 159; *see also Thomas v. Snyder*, 2001 WL 1555239, at *3-4 (D. Del. Nov. 28, 2001).

Petitioner does not allege, and the Court does not discern, that any extraordinary circumstances prevented him from timely filing the instant Petition. Rather, he erroneously asserts that AEDPA's one-year period began to run October 16, 2018, the date on which the Delaware Supreme Court affirmed the denial of his Rule 61 motion. (D.I. 17 at 2) As previously explained, however, AEDPA's one-year limitations period started to run on November 24, 2015, the date on which his conviction became final. While the Rule 61 motion acts to statutorily toll the limitations

---

[3]*Holland*, 560 U.S. at 648.

period, it does not completely re-start the limitations period. Petitioner's mistaken understanding of the law or miscalculation regarding the one-year filing period does not warrant equitably tolling the limitations period. *See Taylor v. Carroll*, 2004 WL 1151552, at *5-6 (D. Del. May 14, 2004).

Based on the foregoing, the Court concludes that that the doctrine of equitable tolling is not available to Petitioner on the facts he has presented. Accordingly, the Court will dismiss the instant Petition as time-barred.

## IV. PENDING MOTIONS

Petitioner has filed two Motions for Issuance of a Certificate of Appealability (D.I 22; D.I. 25); and a Motion for Leave to Proceed on Appeal *In Forma Pauperis* (D.I. 23). All three Motions are captioned for the Third Circuit and concern the Court's Order dated September 30, 2020, which granted the State leave to file a Motion to Dismiss. (*See* D.I. 18) Since the Motions are captioned for the Third Circuit, and since the Third Circuit has already dismissed as interlocutory Petitioner's appeal of the Court's September 30, 2020 Order (*See* D.I. 26), the Court will dismiss all three Motions as moot.

## V. CERTIFICATE OF APPEALABILITY

A district court issuing a final order denying a § 2254 petition must also decide whether to issue a certificate of appealability. *See* 3d Cir. L.A.R. 22.2 (2011); 28 U.S.C. § 2253(c)(2). A federal court denying a habeas petition on procedural grounds without reaching the underlying constitutional claims is not required to issue a certificate of appealability unless the petitioner demonstrates that jurists of reason would find it debatable: (1) whether the petition states a valid claim of the denial of a constitutional right; and (2) whether the court was correct in its procedural ruling. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

The Court has concluded that the instant Petition does not warrant relief because it is time-barred. Reasonable jurists would not find this conclusion to be debatable. Accordingly, the Court declines to issue a certificate of appealability.

## VI. CONCLUSION

For the reasons discussed, the State's Motion to Dismiss is **GRANTED**, and Petitioner's Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 is **DISMISSED**. An appropriate Order will be entered.