IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| DUANE ROLLINS, | : | |
| | : | |
| Petitioner, | : | |
| | : | |
| v. | : | Civ. Act. No. 19-1255-LPS |
| | : | |
| ROBERT MAY, Warden, and the | : | |
| ATTORNEY GENERAL OF THE | : | |
| STATE OF DELAWARE, | : | |
| | : | |
| Respondents. | : | |

## MEMORANDUM

### I.   INTRODUCTION

Pending before the Court is Petitioner Duane Rollins' ("Petitioner") Motion for Reconsideration of the Court's dismissal of his § 2254 Petition, along with a request for the appointment of counsel. (D.I. 33) For the reasons discussed, the Court will deny Motion for Reconsideration and his related request for representation.

### II.   BACKGROUND

On August 30, 2021, the Court dismissed as time-barred Petitioner's § 2254 Petition challenging Petitioner's 2013 conviction for strangulation. (D.I. 29; D.I. 30) Petitioner filed a notice of appeal in the Court of Appeals for the Third Circuit on September 16, 2021 (D.I. 31), and then filed the instant Motion for Reconsideration on September 23, 2021 (D.I. 33).

### III.   STANDARD OF REVIEW

A motion for reargument/reconsideration may be filed pursuant Federal Rule of Civil Procedure 59(e) or Federal Rule of Civil Procedure 60(b). Motions for reconsideration filed within

1

Rule 59(e)'s twenty-eight day filing period[3] are construed as timely filed Rule 59(e) motions to alter or amend judgment, rather than as Rule 60(b) motions for reconsideration. *See Banister v. Davis*, 140 S.Ct. 1698, 1708 (2020) (explaining that Rule 59(e) motions seeking reconsideration of underlying decision are permitted in habeas proceedings and are not considered to be second or successive habeas petitions, unlike subsequent Rule 60(b) motions raising new issues); *Blystone v. Horn*, 664 F.3d 397, 414 (3d Cir. 2011) (explaining that timely Rule 59(e) motion is not subjected to "statutory limitations imposed upon second or successive collateral attacks on criminal judgments"). Rule 59(e) is "a device [] used to allege legal error,"[4] and may only be used to correct manifest errors of law or fact or to present newly discovered evidence. *See Howard Hess Dental Labs, Inc. v. Dentsply Int'l Inc.*, 602 F.3d 237, 251 (3d Cir. 2010). The scope of a Rule 59(e) motion is extremely limited. *See Blystone*, 664 F.3d at 415; *see also Brambles USA Inc. v. Blocker*, 735 F. Supp. 1239, 1240 (D. Del. 1990). Generally, the moving party must show one of the following in order to prevail on a Rule 59(e) motion: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court issued its order; or (3) the need to correct a clear error of law or fact or to prevent a manifest injustice. *See Max's Seafood Café v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999).

## IV. DISCUSSION

Petitioner has not identified the authority under which he moves for reconsideration. Since the instant Motion for Reconsideration was filed within twenty-eight days[5] of the entry of the Court's judgment, the Court will treat the Motion as though filed pursuant to Rule 59(e). *See* Fed. R.

---

[3] A Rule 59(e) motion "must be filed no later than 28 days after the entry of the judgment."

[4] *United States v. Fiorelli*, 337 F.3d 282, 288 (3d Cir. 2003).

[5] Petitioner filed the instant Motion on September 23, 2021, which was twenty-four days after the entry of the Court's judgment on August 30, 2021. *See* Fed. R. Civ. P. 6(a)(1)(A).

Civ. P. 59(e); *Holsworth v. Berg*, 322 F. App'x 143, 146 (3d Cir. 2009); *Rankin v. Heckler*, 761 F.2d 936, 942 (3d Cir. 1985) ("Regardless of how it is styled, a motion filed within ten days of entry of judgment questioning the correctness of judgment may be treated as a motion to amend or alter the judgment under Rule 59(e).").

In the instant Motion, Petitioner conclusorily asserts a previously-rejected contention that his Petition was timely filed, and appears to argue that reconsideration is warranted because: (1) he had limited library and legal access during 2020 due to Covid 19; (2) his Petition presented "fundamental constitutional violations;" and (3) the Delaware state courts' denial of his ineffective assistance of counsel claim was "contrary to clearly established Federal Law." (D.I. 33 at 1-2) None of these contentions, however, presents any intervening change in law, the availability of previously unavailable evidence, or a "clear error of law" of the sort that would warrant reconsideration of the Court's denial of his § 2254 Petition. Accordingly, the Court will deny the instant Rule 59(e) Motion.

Additionally, Petitioner asks the Court to appoint counsel "to present issues of merit." (D.I. 33 at 2) Given the decision to deny the Rule 59(e) Motion, the Court will dismiss as moot Petitioner's related request for representation.

## V. CONCLUSION

For the aforementioned reasons, the Court will deny the instant Rule 59(e) Motion and Petitioner's related request for the appointment of counsel. (D.I. 33) The Court also declines to issue a certificate of appealability, because Petitioner has failed to make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *see also United States v. Eyer*, 113 F.3d 470 (3d Cir. 1997); 3d Cir. LAR 22.2 (2011).

3

A separate Order will be entered.

January 5, 2022  
Wilmington, Delaware

HONORABLE LEONARD P. STARK  
UNITED STATES DISTRICT JUDGE